HARRY G. LAVIN, PLAINTIFF-APPELLANT, v. CITY OF CAMDEN AND THE ATTORNEY GENERAL OF NEW JERSEY, DEFENDANTS-RESPONDENTS, AND PARKING AUTHORITY OF THE CITY OF CAMDEN, INTERVENOR-RESPONDENT.

BRANDT ENTERPRISES, INC., A CORPORATION, PLAINTIFF-APPELLANT, v. CITY OF CAMDEN AND PARKING AUTHORITY OF THE CITY OF CAMDEN, DEFENDANTS-RESPONDENTS.

Argued December 4, 1962—Decided December 17, 1962.

*Mr. W. Louis Bossle* argued the cause for plaintiffs-appellants.

*Mr. George E. Stransky, Jr.,* and *Mr. Joseph M. Nardi, Jr.,* argued the cause for defendant-respondent City of Camden.

*Mr. Theodore I. Botter,* First Assistant Attorney General, argued the cause for the Attorney General of New Jersey, *amicus curiae (Mr. Arthur J. Sills,* Attorney General, attorney; *Mr. Joseph A. Hoffman,* on the brief).

*Mr. Norman Heine* argued the cause for respondent Parking Authority of the City of Camden.

The opinion of the court was delivered

PER CURIAM. These are taxpayer's actions. In the *Lavin* matter, plaintiff attacked an ordinance of the City of Camden guaranteeing the payment of bonds of the Parking Authority of the City of Camden. The trial court gave judgment for defendants. *Lavin v. City of Camden,* 71 *N. J. Super.* 71 (*Law Div.* 1961). The city then adopted an ordinance appropriating moneys and authorizing the issuance of bonds or notes for parking improvements, the intent being to purchase substantially all of the properties of the Parking Authority. That ordinance was assailed in the *Brandt* matter. The trial court upheld the ordinance. *Brandt Enterprises, Inc. v. City of Camden,* 76 *N. J. Super.* 30 (*Law. Div.* 1962). We certified the appeals in both matters prior to argument in the Appellate Division.

The *Lavin* case is moot since the ordinance there questioned was repealed by the ordinance involved in *Brandt.* Counsel for the taxpayer so concedes, but urges the same issue should be accepted in the *Brandt* case. In the circumstances we accept it. That issue is whether the Parking Authority Law, *N. J. S. A.* 40 :11A–1, *et seq.,* delegates legislative power without adequate standards. We see no merit in any of the criticisms advanced.

We agree with the trial court's disposition of the *Brandt* matter, except with respect to its omission to decide

a question it believed to be premature. That question, as we understand it, is whether the Parking Authority has the power to sell to the city. The question is ripe for decision in view of the conceded intention to use the proceeds of the bonds to acquire property from the Authority and the apparent receptiveness of the Authority to the proposal. We are satisfied that under *N. J. S. A.* 40 :11A–24 the Authority may convey a particular project to the city if all bonds and other obligations secured by that project are paid, and that such payment may be made with funds furnished by the city before or simultaneously with the transfer of the project to it. (We note that plaintiff did not charge the Parking Authority acquired the property with the intention later to convey to the city, as a guise to avoid some limitation or restraint which might be applicable if the city had made the original acquisition for the public use.)

The judgments are affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.